UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

          - v -

AMERICAN AIRLINES, INC.,

                Defendant.
----------------------------------------------------------------x

**DECISION AND ORDER**

CV-05-4254 (CBA)(VVP)

      The plaintiff has moved to compel certain discovery sought by interrogatories and documents requests served on the defendant, and to which the defendant objected in its written responses. For the reasons below, the plaintiff's motion is granted in part and denied in part.

      This is an action to recover civil penalties for alleged violations of Federal Aviation Administration ("FAA") regulations and for injunctive relief to address alleged inadequacies in the defendant's maintenance and recordkeeping practices. According to the allegations of the First Amended Complaint, the action emanates from a November 2003 incident in which an FAA investigator, while travelling as a passenger on one of the defendant's aircraft, observed a fuel leak from a fuel access panel on one of the wings. Although the investigator brought the fuel leak to the attention of the pilot, the plaintiff alleges that the defendant did not take the actions required by FAA regulations to make a record of the leak and to inspect and repair the problem. As a result the aircraft continued in operation for approximately two weeks, undertaking some 53 commercial flights, before the leak was addressed. The First Amended Complaint goes on to cite two additional instances, one in November 2004 and another in December 2004, involving similar aircraft flown by the defendant in which fuel leaks from fuel

-1-

access panels situated on the wings were detected by passengers. In one instance, the complaint alleges that the defendant failed to make the required records reflecting detection and repair of the leak. In the other, the complaint alleges that, after the leak was brought to the attention of the crew, the plane made an unscheduled landing during which an unsuccessful attempt to repair the leak was made.

The complaint contains seven claims for relief, the first six of which relate solely to the aircraft observed by the FAA investigator in November 2003. Those six claims assert various failures to keep proper records and to maintain and repair the aircraft, as well as claims of unairworthy and careless operation of the aircraft on the fifty-three occasions when it was flown commercially after the leak was reported to the defendant's personnel. The complaint does not allege any violations of FAA regulations with respect to the other two alleged fuel-leak incidents. Drawing on all three incidents, however, the seventh claim for relief seeks an injunction based on the allegation that the incidents reflect the defendant's pattern and practice of failing to comply with sufficient maintenance, inspection and recordkeeping procedures to insure the safety of its operations and its customers.

The discovery requests at issue here are the plaintiff's interrogatories 6 through 17 and its document requests 7, 11 and 13 through 29.[1] Interrogatories 6 through 14 seek information

---

[1] The defendant contends that requests 7 and 11 are not actually in dispute, because it has produced documents responsive to those requests and the requests were not addressed in the parties' premotion discussions. The requests clearly should have been addressed in those discussions, which may have clarified whether any dispute exists. The court notes that the defendant's responses to those requests are somewhat confusing and ambiguous because both responses object to the requests on the grounds that they seek documents that are "not relevant," but then state that the defendant will produce "relevant" documents responsive to the requests "if any." The plaintiff deserves clarity as to whether any documents sought by the plaintiff are being withheld on the basis of the objection that they are "not relevant."

about the two aircraft involved in the November 2004 and December 2004 incidents recounted in the First Amended Complaint. Interrogatories 15 through 17 seeks broader information about fuel leaks – including instances when leaks occurred, allegations or complaints of leaks, and studies conducted by the defendant concerning leaks – in the defendant's entire fleet of aircraft over a number of years. Document requests 7 and 11 seek documents concerning the aircraft involved in the November 2003 incident that is the basis for six of the seven claims in the case. Document requests 13 through 23 seek documents concerning the two aircraft involved in the later incidents recounted in the First Amended Complaint. Document requests 24 through 29 seek a broad array of documents concerning fuel leaks, fuel seals, and changes or repairs made to address fuel leaks, as well as the defendant's recordkeeping and reporting practices regarding fuel leaks, maintenance, and unsafe operation of its aircraft.

The defendant's object to the plaintiff's discovery requests on the ground that information concerning any matter other than the aircraft involved in the November 2003 incident is irrelevant, and that the requests consequently constitute simply the proverbial "fishing expedition." The defendant points out that the November 2003 incident is the only one in which the defendant is accused of any specific wrongdoing, and that the plaintiff has improperly cobbled the two later incidents, where no violation of FAA regulations is alleged, together with the earlier one as a basis for seeking broad discovery dating back as far as 1995.

Although the defendant has a point, read fairly the plaintiff's complaint adequately pleads a series of events that, if true, raise justifiable concern about fuel leakage from the fuel access panels located on the wings of a class of its aircraft. Accordingly, some discovery beyond matters relating to the specific aircraft involved in the November 2003 incident is appropriate. On the

other hand, the principal basis for permitting such discovery is to determine the need for the injunctive relief sought in the seventh claim of the complaint. Thus, what is significant is recent history concerning the fuel leakage problem, if any, not information dating back to 1995 or information relating to matters not directly related to the fuel access panels on the wings. Accordingly, the court grants in part and denies in part the plaintiff's motion to compel discovery as follows:

*Interrogatories 6 to 14.* The defendant shall provide complete answers.[2]

*Interrogatory 15.* The interrogatory is limited to fuel leaks from the "subject area of the aircraft," as that phrase is defined at paragraph "Q" of the Definitions, and to the time period from November 2003 to the present. The defendant shall provide a complete answer to the interrogatory as so limited.

*Interrogatory 16.* The interrogatory is limited to fuel leaks from the "subject area of the aircraft," as that phrase is defined in the plaintiff's interrogatories, and to the time period from January 2002 to the present. The defendant shall provide a complete answer to the interrogatory as so limited.

*Interrogatory 17.* The interrogatory is limited to the time period from November 2003 to the present. The defendant shall provide a complete answer to the interrogatory as so limited.

*Document requests 7 and 11.* The defendant shall produce all responsive documents or unambiguously assert that no documents have been withheld on the basis of any objection.

*Document requests 13 to 23.* The defendant shall produce all responsive documents.

---

[2]Where the defendant is directed to provide complete answers to interrogatories, production of business records will suffice if the prerequisites of Rule 33(d) are met.

*Document requests 24 and 25.* The requests, including all subparts, are limited to fuel leaks from the "subject area of the aircraft," as that phrase is defined at paragraph "Q" of the Definitions, and are limited to the time period from November 2003 to the present. The defendant shall produce all documents responsive to the requests as so limited.

*Document request 26.* The request, including all subparts, is limited to fuel leaks from the "subject area of the aircraft," as that phrase is defined at paragraph "Q" of the Definitions. The defendant shall produce all documents responsive to the request as so limited.

*Document request 27.* The objection is sustained. No documents need be produced.

*Document request 28.* The request is limited to fuel access panels in the "subject area of the aircraft," as that phrase is defined at paragraph "Q" of the Definitions, and is limited to the time period from January 2002 to the present. The defendant shall produce all documents responsive to the request as so limited.

*Document request 29.* The request is limited to the time period from January 2002 to the present. The defendant shall produce all documents responsive to the request as so limited.

The further responses and productions of documents ordered above shall be made within 30 days.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 8, 2006