UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

      - v -

AMERICAN AIRLINES, INC.,

                Defendant.
-------------------------------------------------------------------x

**DECISION AND ORDER**

CV-05-4254 (CBA)(VVP)

      The defendant has moved to compel certain discovery sought by interrogatories and documents requests served on the plaintiff, and to which the plaintiff objected in its written responses. The specific discovery requests at issue are addressed in turn below.[1]

      *Interrogatory 5*: This interrogatory seeks the identification of all laws and regulations alleged by the plaintiff to have been violated by the defendant. The plaintiff objects essentially on the ground that the interrogatory impermissibly seeks the plaintiff's legal theories, and constitutes a contention interrogatory. Although the court does not find former argument at all persuasive, the argument that the request is a contention interrogatory is not entirely without merit. Nevertheless, the defendant is entitled to know what normative standards set forth in laws and regulations the plaintiff will rely on to prove its case in order to conduct the factual inquiries necessary to prepare its defenses. Accordingly, the plaintiff is directed to respond to the interrogatory. In this regard, the plaintiff need not opine as to all laws and regulations that "would theoretically be violated" by the defendant's conduct, Pl. Ltr. Oct.12, 2006 at 3, but only those upon which it will rely to prove its case.

---

[1]The discovery requests are from American Airlines, Inc.'s Second Set of Interrogatories and Second Request for the Production of Documents.

*Document Requests 10 and 11*: These requests seek information in the plaintiff's possession concerning the practices of other airlines with respect to the maintenance and repair of fuel-related components and leaks on the wings of MD-80 type aircraft, the aircraft under scrutiny here. The justification offered for the request is that information regarding industry practices is relevant to the defense that the defendant's maintenance practices are in keeping with industry practices and the guidelines of the Federal Aviation Administration ("FAA"). The plaintiff does not refute this theory of relevance, and the court finds it persuasive. Accordingly the plaintiff shall produce all documents responsive to these requests.

*Interrogatories 7 and 8, and Document Requests 9, 13 and 14*: These discovery requests seek information about every reported fuel leak on the upper surface of the wings of MD-80 aircraft operated by any air carrier, as well as all documents that relate to such events, and all documents concerning evaluations or analyses of the adequacy of the seals and other fuel system components on the upper surface of the wings of such aircraft. The defendant seeks this information in order to demonstrate that fuel leaks are not uncommon, that leaks do not always pose a safety risk, and that therefore a few alleged instances of leaks do not support a claim of a pattern and practice of improper maintenance as alleged in the complaint. Although the plaintiff contends otherwise, the court concludes that these are plausible theories of relevance.

The plaintiff also contends that production of such information would be unduly burdensome, but offers no affidavit or explanation by a person with knowledge to support that assertion. Mere intonation that discovery requests are burdensome is not typically enough to sustain such an objection. *See, e.g., Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 422 (D. Conn. 2005) (citing *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips*

*Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y.1984)); *see also Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2nd Cir. 1992) ("Where ⋯ the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause."). Nevertheless, because the requests are broad and likely to pose substantial problems if complete compliance is ordered, the parties are directed to meet and confer in an effort to narrow the requests to reduce any unreasonable burden. If the parties cannot reach agreement on the matter within 10 days the plaintiff will be required to demonstrate the burdensomeness of responding to the defendant's last, best proposal for narrowing the requests, and the court will thereafter reach decision or schedule such proceedings as may be appropriate.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
October 17, 2006